[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-10556
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 16, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-00542-CV-5-IPJ

LOUIS FRANCIES,
CHUNG FRANCIES,

Plaintiffs-Appellants,

versus

JOHN BRANDON,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(July 16, 2008)**

Before CARNES, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

In this diversity jurisdiction breach of contract and fraud suit, plaintiffs Louis and Chung Francies appeal from the district court's dismissal with prejudice of their complaint on the ground that they failed to serve the defendant, John Brandon.

On March 27, 2007 the Francies, both Alabama citizens, filed suit in federal court seeking to enforce the terms of a promissory note, which they allege required Brandon, a Tennessee citizen, to repay a $125,000 loan. On June 1, 2007 the Francies' attorney unexpectedly quit representing them, and Brandon was not served within 120 days, as required by Federal Rule of Civil Procedure 4(m). As a result of the failure to serve Brandon, on August 27, 2007 the district court dismissed the suit without prejudice.

The Francies obtained new counsel, who filed motions to reinstate and for substitution of counsel on August 31, 2007. On September 4, 2007 the district court granted those motions, but on the next day it denied the Francies' additional motion for service by marshal. When service still had not been made on Brandon by November 29, 2007 the district court again dismissed the case without prejudice.

In response to the dismissal, the Francies' new attorney prepared to refile the lawsuit as a separate action, but instead was directed by the district court's docket

clerk to file a second motion to reinstate the original action. She did so, and on December 12, 2007 the district court entered an order reinstating the action and allowing the Francies two weeks to serve the defendant. The deadline for service would be December 26, 2007. The Francies' counsel contacted the district court for help in obtaining an alias summons for Brandon, and the court issued the summons on December 18. It was delivered to the Francies' counsel by mail the next day, December 19, and counsel took the service package to UPS that same day for overnight shipment to the Hamilton County, Tennessee Sheriff's Office. The service package arrived there the following day, but counsel later learned that the sheriff's office did not serve Brandon until January 10, 2008.

Meanwhile, on January 4, 2008 when service had not been made by the December 26, 2007 deadline, the district court dismissed the case with prejudice for failure to prosecute. On that same day counsel filed a motion for reconsideration, seeking either reinstatement or dismissal without prejudice. After counsel had received the dismissal order, she had contacted the sheriff's office to determine the status of service and the date of receipt of the service package, and was informed that the service package had been logged in up there on December 26, 2007. As a result, in the motion for reconsideration, counsel stated that the package had been delivered to the sheriff's office on December 26, 2007. The

3

district court denied the Francies' motion for reconsideration on January 7, 2008.

After the motion was denied, counsel contacted UPS whose delivery records indicated that the package had been delivered to the sheriff's office on December 20. Counsel then contacted the sheriff's office to try to determine the reason for the discrepancy between its login records and the UPS delivery records. Counsel learned that the delay was likely due to the internal delivery and login processes of the sheriff's office, as well as the holiday schedule it had been operating under at the time. The sheriff's office relied on an internal carrier to pick up packages from the central delivery location and take them to its civil processing department, and because of the office's holiday schedule that person may not have picked up the package until December 21. In addition, the civil processing department closed early on Friday, December 21, 2007, remained closed through the Christmas holiday on Tuesday, December 25, and did not reopen until Wednesday, December 26—the district court's deadline for service on Brandon.

On January 31, 2008 the Francies filed their notice of appeal from the district court's judgment dismissing their case with prejudice, as well as the court's denial of their motion for reconsideration. On February 19, they filed a motion to supplement the record on appeal to include affidavits describing the circumstances surrounding the failure to meet the December 26 deadline for service. The district

4

court granted their request to supplement the record.

On appeal, the Francies contend that the district court abused its discretion by dismissing the case with prejudice on the grounds that: (1) the proper remedy for failure to serve a defendant is dismissal without prejudice; and (2) the district court failed to make, and on this record could not make, the findings required for a dismissal with prejudice—that they had engaged in deliberate delay or willful contempt and that lesser sanctions would be ineffective.

We review a district court's dismissal of a plaintiff's complaint with prejudice under Fed. R. Civ. P. 41 for failure to prosecute only for an abuse of discretion. See Betty K Agencies, Ltd. v. M/V Monada, 432 F.3d 1333, 1337 (11th Cir. 2005). "Under Rule 41(b) of the Federal Rules of Civil Procedure a case may be dismissed with prejudice for failure to prosecute. Although the rule is phrased in terms of dismissal on the motion of the defendant, it is clear that the power is inherent in the court and may be exercised sua sponte whenever necessary to 'achieve the orderly and expeditious disposition of cases.'" Lopez v. Aransas County Indep. Sch. Dist., 570 F.2d 541, 544 (5th Cir. 1978)[1] (citation omitted).

We later clarified that "a dismissal with prejudice, whether on motion or sua

---

[1] In our en banc decision Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981), we adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

sponte, is an extreme sanction that may be properly imposed only when: '(1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice.'" Betty K Agencies, 432 F.3d at 1337–38 (citations omitted). "[T]he harsh sanction of dismissal with prejudice is thought to be more appropriate in a case where a party, as distinct from counsel, is culpable." Id. at 1338.

In Betty K Agencies, this Court reversed the district court's dismissal with prejudice of the plaintiff's complaint because the court "merely recited the bare fact" that the plaintiff had not yet served one of the defendants without making any finding that the plaintiff's failure to serve the defendant "showed willful contempt for court rules" and that "lesser sanctions would be inadequate to correct any defect in service." Id. at 1340–41. The evidence the district court relied on in that case actually revealed that the plaintiff had an innocent explanation for the failure. Id. at 1340. In addition, Fed. R. Civ. P. 4(m) expressly provides for a lesser sanction—dismissal without prejudice—than the one the district court imposed. Id. at 1341.

In this case in its order dismissing the Francies' suit with prejudice, the district court reiterated that the case had already been dismissed twice without prejudice due to the Francies' failure to obtain service, and that the court had given

6

them an additional two weeks to serve Brandon. Because the Francies had again failed to serve Brandon, the court dismissed the case with prejudice "due to the plaintiffs' ongoing failure to prosecute." While we are mindful of the district court's need to control its docket, as in <u>Betty K Agencies</u> the district court here failed to find that the plaintiffs had engaged in "a clear pattern of delay or willful contempt," <u>see</u> <u>id.</u> at 1340. Accordingly, as in <u>Betty K Agencies</u>, in the absence of such a finding we conclude that the district court abused its discretion by dismissing the Francies' action with prejudice.[2] <u>See</u> <u>id.</u> at 1338, 1340–41.

**VACATED and REMANDED**.

---

[2] We note that, because Brandon was served six days after the district court entered its order dismissing the case with prejudice and the Francies presented evidence explaining the delay in service, it is not clear that the record would support a finding of intentional delay or willful contempt. That is, however, an issue we leave for the district court to decide in the first instance.

7