[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-13167
Non-Argument Calendar
_____

D.C. Docket No. 2:12-cv-00893-MEF-SRW


EMMA FEQUIERE,
a.k.a. Emma Annan,
MATTHEW BATES-FEQUIERE

Plaintiffs-Appellants,


versus


ALABAMA STATE UNIVERSITY,
ALABAMA STATE UNIVERSITY BOARD OF TRUSTEES,
in their official capacity as members of the Alabama State
University Board of Trustees,
JOSEPH SILVER,
Dr., in his official capacity as President of Alabama
State University,
ALFRED SMITH,
in his official capacity as Interim Provost and Vice President
of Academic Affairs at Alabama State University,
FREDDIE GALLOTT, JR.,
Individually and in his official capacity as Vice President
of Business and Finance of Alabama State University, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

(March 6, 2014)

Before TJOFLAT, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

In this case, the Magistrate Judge, granting the defendants' motion for a more definite statement because it was virtually impossible for them to fashion a pleading in response to plaintiffs' 65-page shotgun complaint asserting 13 claims, ordered plaintiffs to amend their complaint. Plaintiffs twice missed the judge's deadline for amendment, so the District Court, acting pursuant to Fed. R. Civ. P. 41(b), dismissed their complaint without prejudice. Plaintiffs now appeal that ruling.

We review a Rule 41(b) dismissal for abuse of discretion. *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999). Rule 41(b) provides "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant." Fed.R.Civ.P. 41(b). Despite the plain language of Rule 41(b) indicating that a defendant may move for dismissal, a district court may *sua sponte* dismiss a complaint under the authority of either (1) Rule 41(b), or (2) the court's

2

inherent power to manage its docket. *Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005). Dismissal with prejudice under Rule 41(b) is appropriate where there is: (1) a clear record of willful contempt; and (2) an implicit or explicit finding that lesser sanctions would not suffice. *Gratton*, 178 F.3d at 1374.

Here, plaintiffs twice failed to adhere to the imposed deadline to file an amended complaint. In the first instance, the Magistrate Judge granted an extension of the deadline based on plaintiffs' untimely motion to extend. The judge warned plaintiffs that their failure to file an amended complaint could result in dismissal. *See Moon*, 863 F.2d at 837. Even if plaintiffs' claims would be time-barred, the District Court found that there was a clear record of plaintiffs' failure to comply with the Magistrate Judge's orders, and it implicitly found that the sanction was necessary in order to avoid rewarding the plaintiffs' noncompliance. *See Gratton*, 178 F.3d at 1374

AFFIRMED.