[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-10263
Non-Argument Calendar

_____

D.C. Docket No. 8:17-cv-00046-JDW-CPT


LASSWELL FOUNDATION FOR LEARNING AND LAUGHTER, INC.,
FRED LASSWELL, INC.,
RED RYDER ENTERPRISES, INC.,
GOLDBOOK LTD,

                                        Plaintiffs-Appellants,


                          versus


TIMOTHY SCHWARTZ,
DESIGN TANK, INC.,
DOES 1-10,
inclusive,

                                        Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(October 29, 2020)


Before JILL PRYOR, LAGOA, and EDMONDSON, Circuit Judges.


PER CURIAM:


The Lasswell Foundation for Learning and Laughter, Inc., Fred Lasswell, Inc., Red Ryder Enterprises, Inc., and Goldbook Ltd. ("Plaintiffs") appeal the district court's sua sponte dismissal "with prejudice" of this civil action for want of prosecution. Reversible error has been shown; we vacate the dismissal and remand for further proceedings.

Plaintiffs filed this civil action against Defendant Timothy Schwartz in February 2016, asserting claims for cybersquatting, trademark infringement, copyright infringement, common law unfair competition, conversion, breach of contract, and fraud.

During the course of the litigation, Plaintiffs experienced several changes in lawyers, at least some of which resulted in delays and in extensions of time being

2

granted by the district court. Plaintiffs' last attorneys-of-record were granted leave to withdraw in early December 2019.

On 9 December 2019 -- almost four years after the commencement of the civil action and one month before a jury trial was scheduled to begin -- the district court entered sua sponte an order to show cause why the case should not be dismissed for failure to prosecute.[1] The district court summarized the procedural history of the case and said, "[i]t is apparent that Plaintiffs are either unwilling, reluctant to, or unable to prosecute this action diligently." The final paragraph of the district court's show-cause order read this way:

> Accordingly, Plaintiffs are ORDERED TO SHOW CAUSE why this case should not be dismissed for failure to prosecute. Plaintiffs' response is due on or before December 18, 2019. No extensions will be granted. Failure to respond will result in the case being dismissed without prejudice without further notice. (emphasis added)

Plaintiffs -- who were then unrepresented corporate entities[2] -- filed no response. Nor did Plaintiffs do or say anything else in the district court between the time of the show-cause order and the pertinent dismissal order: nine days.

On 19 December, the district court entered an order dismissing the case without prejudice. The district court said, "Plaintiffs have not responded to the

---

[1] Defendant Schwartz filed no motion for involuntary dismissal.

[2] As corporate entities, Plaintiffs were barred from appearing pro se. See Palazzo v. Gulf Oil Corp., 764 F.2d 1381, 1385 (11th Cir. 1985).

3

order and accordingly, for the reasons set forth in the show-cause order, this case is DISMISSED without prejudice."

Later that same day, however, the district court entered an amended order of dismissal. The district court -- pointing to Fed. R. Civ. P. 41(b) and the district court's local rules -- dismissed <u>sua sponte</u> the case <u>with</u> prejudice for failure to prosecute. The district court found Plaintiffs had engaged in a "clear pattern of willful delay" based on the changes in lawyers, the resulting delays, and Plaintiffs' failures to retain new local counsel and to respond timely to the show-cause order. The district court also said -- without specific explanation -- that no lesser sanction would better serve the interests of justice.

We review dismissal for failure to prosecute under an abuse-of-discretion standard. <u>Gratton v. Great Am. Communs</u>., 178 F.3d 1373, 1374 (11th Cir. 1999).

The district court has authority -- under both its inherent powers and under Fed. R. Civ. P. 41(b) -- to dismiss <u>sua sponte</u> a civil action for failure to prosecute. <u>See</u> Fed. R. Civ. P. 41(b); <u>Betty K Agencies, Ltd. v. M/V Monada</u>, 432 F.3d 1333, 1337 (11th Cir. 2005). Dismissal with prejudice is considered "an extreme sanction" that is appropriate only when the district court finds (1) "a party engage[d] in a clear pattern of delay or willful contempt" and (2) "that lesser sanctions would not suffice." <u>Betty K Agencies, Ltd</u>., 432 F.3d at 1337-38.

4

Given the record in this case and our precedent in this area, we conclude that the district court abused its discretion in dismissing the case with prejudice. First and foremost, we cannot approve of the district court's decision to dismiss the case <u>with</u> prejudice despite the district court's express representation to Plaintiffs that a dismissal for inaction, in the face of the show-cause order, would be a dismissal <u>without</u> prejudice.

On top of that lulling problem, we conclude that the district court made insufficient findings to support a dismissal with prejudice. Although the district court cited examples of conduct that it found constituted a "clear pattern of willful delay," the district court seems to have passed over the idea that a plaintiff's mere inability to prosecute a case might not be considered willful and by itself not warrant the extreme sanction of dismissal with prejudice. We observe the district court, in its show-cause order, had recently left open (when the history of the case was already known) the possibility that Plaintiffs were "unable to prosecute" the case.

The district court also offered no explanation for its conclusion that no lesser sanction would suffice. Particularly in the light of the district court's earlier warning that, following the show-cause order, dismissal would be without prejudice and also that the district court actually first did dismiss the case without

5

prejudice, it seems the district court had at one time in fact viewed a lesser sanction to be appropriate and sufficient. The reason underlying the district court's change of mind leading to a significantly harsher sanction is not obvious from the record. And, for now at least, we cannot approve it.

VACATED AND REMANDED.