[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-12775
Non-Argument Calendar

_____

D.C. Docket Nos. 1:20-cv-02036-WMR; 1:20-bk-63439-PWB

In re: SHELLIELLE SHENNIELE YOUHOING,

Debtor.

_____

SHELLIELLE SHENNIELE YOUHOING,

Plaintiff-Appellant,

versus

UNNAMED APPELLEE(S),
MARY IDA TOWNSON,
Chapter 13 Trustee,

Defendant-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(April 8, 2021)

Before MARTIN, LUCK, and LAGOA, Circuit Judges.

PER CURIAM:

Shellielle Shenniele Youhoing appeals the district court's judgment dismissing her appeal of the bankruptcy court's order dismissing her case for failing to pay an installment filing fee. We vacate the judgment and remand for further proceedings.

Youhoing filed a voluntary petition for bankruptcy under Chapter 13. The bankruptcy court granted her application to pay the filing fee in installments and ordered that she pay each installment by a particular day. But a few weeks later Youhoing missed her second installment payment and the bankruptcy court dismissed her Chapter 13 case.

Youhoing appealed to the district court. On June 2, 2020, the district court ordered Youhoing to either "pay the required appeal filing fee . . . or submit an application to proceed in forma pauperis on or before **June 16, 2020**." The district court warned Youhoing that if she failed to comply her appeal would be dismissed under the Northern District of Georgia's Local Rule 41.3A(2) for failing to obey a lawful order of the court.

Youhoing sent her in-forma-pauperis application to the district court in a first-class United States Mail package with a June 15, 2020 postage date. But, as reflected in the stamp on the front of the envelope, the district court didn't receive the package

2

until June 18, 2020.  The same day, the district court dismissed Youhoing's appeal.

The district court found that Youhoing had "neither paid the filing fee nor submitted

an application to proceed in forma pauperis by the specified deadline" and, thus, it

was dismissing her appeal "pursuant to Local Rule 41.3A(2) for failure to obey a

lawful order of the Court."

Youhoing appeals the dismissal of her appeal.  She contends that she did

submit the necessary forms to pay the filing fee and go forward in forma pauperis.

"The clerk of each district court shall require the parties instituting any civil

action, suit or proceeding in such court . . . to pay a filing fee of $350."  28 U.S.C. §

1914(a).  "Each district court by rule or standing order may require advance payment

of fees."  28 U.S.C. § 1914(c).  By rule, the Northern District of Georgia requires

advance payment of fees and does not allow pleadings to be filed "until the filing

fee is received or an order is issued allowing the pleadings to be filed in forma

pauperis."  N.D. Ga. Civ. R. 3.2.

The Northern District of Georgia's local rules also allow the district court to

"dismiss a civil case for want of prosecution if . . . [a] plaintiff . . . shall, after notice,

. . . fail or refuse to obey a lawful order of the Court in the case."  N.D. Ga. Civ. R.

41.3(A)(2).  "In accordance with the provisions of Fed. R. Civ. P. 41(b)," the

dismissal "operates as an adjudication upon the merits of the action unless the Court

3

specifies otherwise in its order of dismissal." N.D. Ga. Civ. R. 41.3(B); see also Fed. R. Civ. P. 41(b).

We review a dismissal for failure to follow local court rules for an abuse of discretion. Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005). "A district court abuses its discretion if it applies an incorrect legal standard, applies the law in an unreasonable or incorrect manner, follows improper procedures in making a determination, or makes findings of fact that are clearly erroneous." Citizens for Police Accountability Pol. Comm. v. Browning, 572 F.3d 1213, 1216–17 (11th Cir. 2009) (per curiam).

Here, the district court abused its discretion because it made a clearly erroneous finding that Youhoing did not submit her in-forma-pauperis application by June 16, 2020. The district court ordered Youhoing to "pay the required appeal filing fee" or "submit an application to proceed in forma pauperis on or before **June 16, 2020**." In its dismissal order, the district court found that Youhoing "neither paid the filing fee nor submitted an application to proceed in forma pauperis by the specified deadline."

Under the terms of the district court's order, Youhoing had to "submit" her in-forma-pauperis application by June 16, 2020. "Submit" means "to send or commit for consideration, study, or decision." Webster's Third New International Dictionary 2277 (Merriam-Webster 1986).

4

Youhoing sent her in-forma-pauperis application for the district court's consideration by June 16, 2020. Her first-class U.S. Mail package was marked with a June 15, 2020 postage date and the application was dated June 16, 2020.

We're certain the district court's error was unintentional. Two days after the June 16, 2020 deadline, the district court still hadn't received the in-forma-pauperis application. The order dismissing the appeal was docketed the same day—but just before—Youhoing's package was received by the clerk's office. Through no fault of the district court, its dismissal order and Youhoing's package crossed in the mail. These things happen.

Because the dismissal order was based solely on the fact that Youhoing did not submit her in-forma-pauperis application by June 16, 2020, and Youhoing did submit her application by the deadline, it was an abuse of discretion to dismiss the appeal. We, therefore, vacate the judgment and remand for further proceedings. We express no opinion on the merits of Youhoing's appeal or any other outstanding issues before the district and bankruptcy courts.

**VACATED AND REMANDED.**