[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-10181
Non-Argument Calendar

_____

D.C. Docket No. 2:19-cv-14060-RLR

DARIO M. RODRIGUEZ,

Plaintiff-Appellant,

versus

ALAN LAWSON,
Supervisor, Supreme Court,
ALBERTO GONZALEZ,
Attorney General,
CHARLES T. CANADY,
Supervisor, Supreme Court,
HUGH HURWITZ,
Supervisor, Bureau of Prison,
JAMES C. MAHEN,
District Judge, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 21, 2021)

Before JORDAN, GRANT, and BLACK, Circuit Judges.

PER CURIAM:

Dario Rodriguez appeals the district court's dismissal of his *pro se* 42 U.S.C. § 1983 complaint. The district court dismissed Rodriguez's second amended complaint because Rodriguez failed to comply with its orders. On appeal, Rodriguez reiterates the merits of his § 1983 claims, instead of challenging the basis of the district court's dismissal of his complaint.

A legal claim or argument that is not briefed on appeal is deemed abandoned. *Access Now, Inc. v. Southwest Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004). This policy applies to *pro se* pleadings, which are held to a less strict standard than pleadings drafted by attorneys and are construed liberally. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008). Rodriguez has abandoned his challenge to the district court's dismissal of his case for failure to comply with the district court's orders because he has not briefed the issue on appeal. *See id.*

In any event, the district court did not abuse its discretion by dismissing Rodriguez's seconded amended complaint without prejudice. *See Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005) (explaining we review the dismissal of a lawsuit for failure to comply with the rules of the court for an abuse of discretion). A federal district court has the inherent power to dismiss a case *sua sponte* under Federal Rule of Civil Procedure 41(b) if the

2

plaintiff fails to comply with a court order. *Id.* Rodriguez failed to comply with the court's orders when he filed his second amended complaint because the complaint went beyond the court's 20-page limit and failed to present his claims in short and plain statements in accordance with Federal Rule of Civil Procedure 8(a) as directed. *See Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (stating although we liberally construe *pro se* pleadings, *pro se* litigants are nonetheless required to conform their pleadings to procedural rules). Rodriguez had been warned that failure to comply with the court's orders could result in the dismissal of his complaint. Additionally, the district court's dismissal without prejudice would have allowed Rodriguez to re-file his complaint in compliance with the Federal Rules of Civil Procedure. *See Dynes v. Army Air Force Exch. Serv.*, 720 F.2d 1495, 1499 (11th Cir. 1983) (holding that dismissal without prejudice, even for a minor violation of a court order to file a brief, was not an abuse of discretion). Thus, the district court did not abuse its discretion in dismissing Rodriguez's second amended complaint under Rule 41(b). Accordingly, we affirm.

    **AFFIRMED.**