[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-12565

Non-Argument Calendar

_____

KEIAN BUTTS, SR.,

Plaintiff-Appellant,

*versus*

CENTIMARK ROOFING CORPORATION,

Defendant- Appellee,

TAYLOR GILL, et al.,

Defendants.

————————————

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:20-cv-01578-MHC

————————————

Before JILL PRYOR, NEWSOM, and BRANCH, Circuit Judges.

PER CURIAM:

Keian Butts, Sr., appeals *pro se* the district court's decision to strike his belated supplemental filings from the record. Butts also appeals the district court's grant of summary judgment for his former employer, CentiMark Roofing Corporation, on his claims of race- and color-based employment discrimination and retaliation.[1]

Butts argues that the district court erred in striking his supplemental filings because they contained evidence that CentiMark's reasons for demoting and firing him were pretexts for discrimination. He also argues that the district court erred in finding

---

[1] Although Butts raises claims of sex-based discrimination on appeal, we conclude that we needn't consider them because he did not raise them before the district court in the first instance. *See Ramirez v. Sec'y, Dep't of Transp.*, 686 F.3d 1239, 1249–50 (11th Cir. 2012).

When referring to himself, Butts's opening brief alternates between male and female pronouns. We use male pronoun throughout for consistency and clarity.

that he did not establish a prima facie case of discrimination, because even if he failed to identify a similarly situated comparator, comparator evidence was not the only way to show discrimination. Finally, Butts argues that there was a genuine dispute of material fact as to his job requirements, showing that CentiMark's accusations about his job performance were pretexts for race- and color-based discrimination and for retaliation.

We address each point in turn.

## I

We start with whether the district court abused its discretion in refusing to consider Butts's supplemental filings.[2] A district court's refusal to consider an untimely opposition to a summary judgment motion is not an abuse of discretion. *Young v. City of Palm Bay*, 358 F.3d 859, 863–64 (11th Cir. 2004). Neither is the court's refusal to accept out-of-time affidavits. *Useden v. Acker*, 947 F.2d 1563, 1571–72 (11th Cir. 1991). While pleadings of *pro se* litigants are liberally construed, they still must comply with

---

[2] We review a district court's application of its own rules for an abuse of discretion and give "great deference to a district court's interpretation of its local rules." *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1302 (11th Cir. 2009) (quotation omitted). This includes a district court's decision to strike a party's pleadings. *Young v. City of Palm Bay*, 358 F.3d 859, 863 (11th Cir. 2004). Under this standard, a district court's decision will be upheld if it is within the permissible range of decisions and not influenced by a mistake of law. *Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005).

procedural rules.  *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (per curiam).

The pertinent local rules are Rules 7.1(B), 7.1(F), and 56.1(C) of the Local Rules for the Northern District of Georgia.  Rule 7.1(B) establishes that any responsive materials in opposition to a summary judgment motion must be filed within 21 days after the service of the motion.  N.D. Ga. Civ. R. 7.1(B).  Rule 7.1(F) allows the court to decline to consider any motion or brief filed out of time or otherwise not in compliance with the local rules.  N.D. Ga. Civ. R. 7.1(F).  And Rule 56.1(A) precludes parties from filing supplemental briefs and materials at the summary judgment stage without leave of the court.  N.D. Ga. Civ. R. 56.1(A).

Here, the district court did not abuse its discretion in striking Butts's belated filings because (1) he submitted them after the deadline for doing so, (2) he did so without leave of the court, and (3) he did not demonstrate good cause for his omission.  CentiMark moved for summary judgment on December 21, 2020.  Under Local Rule 7.1(B), Butts's memorandum in opposition and any other materials were due within 21 days—no later than January 11, 2021. N.D. Ga. Civ.. R. 7.1(B).  He did not file his supplemental materials until February 4, 2021, more than three weeks after this deadline. He also did not move to extend the deadline and, although he stated that he missed the deadline by mistake, he did not explain what his mistake was or why it should be excused, or otherwise demonstrate good cause for his omission.  Thus, the district court was entitled to strike his late-filed documents.

## II

The district court also properly granted summary judgment to CentiMark on Butts's discrimination claim. Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmovant, presents no genuine dispute as to any material fact and requires judgment as a matter of law. *Holloman v. Mail-Well Corp.*, 443 F.3d 832, 836–37 (11th Cir. 2006).[3]

Butts's discrimination claim is based on Title VII of the Civil Rights Act, which forbids employment discrimination against any person based on their "race, color," or a handful of other protected classifications. 42 U.S.C. § 2000e-2(a). Discrimination can be proven through either direct or circumstantial evidence. *Hinson v. Clinch Cnty., Ga. Bd. of Educ.*, 231 F.3d 821, 827 (11th Cir. 2000).

When evaluating claims of discrimination based on circumstantial evidence, courts may use the burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Alvarez v. Royal Atl. Devs., Inc.*, 610 F.3d 1253, 1264 (11th Cir. 2010). Generally, to support a prima facie claim of racial discrimination based on circumstantial evidence under the *McDonnell-Douglas* framework, a plaintiff must show, among other things, that his employer treated similarly situated employees who were not members of his class more favorably than the

---

[3] We review a district court's grant of summary judgment de novo. *Holloman*, 443 F.3d at 836.

plaintiff. *Rice-Lamar v. City of Fort Lauderdale*, 232 F.3d 836, 842–43 (11th Cir. 2000). A comparator must be "similarly situated in all material respects," meaning that the plaintiff and comparators are "sufficiently similar, in an objective sense, that they cannot reasonably be distinguished." *Lewis v. City of Union City*, 918 F.3d 1213, 1218, 1228 (11th Cir. 2019) (en banc) (quotation marks omitted). Although this standard requires a case-by-case analysis and formal labels regarding job title are unnecessary, a similarly situated comparator will have ordinarily engaged in the same basic misconduct as the plaintiff; been subject to the same employment policy, guideline, or rule; shared the same supervisor; and shared the plaintiff's employment or disciplinary history. *Id.* at 1227–28.

If a plaintiff cannot produce a comparator, he can still present a triable issue of fact through a "convincing mosaic" of circumstantial evidence that would allow an inference of discriminatory intent. *Id.* at 1220 n.6. A "convincing mosaic" may be shown by evidence of "(1) suspicious timing, ambiguous statements . . ., and other bits and pieces from which an inference of discriminatory intent may be drawn, (2) systematically better treatment of similarly situated employees, and (3) that the employer's justification is pretextual." *Lewis v. City of Union City, Georgia*, 934 F.3d 1169, 1185 (11th Cir. 2019) (quotation omitted). For example, we have found a "convincing mosaic" of evidence, sufficient to survive summary judgment, where a company had substantial incentive to discipline white employees more harshly than black employees due to repeated bad publicity about a violent, anti-black hate crime in their

workplace. *See Smith v. Lockheed-Martin Corp.*, 644 F.3d 1321, 1328, 1341–47 (11th Cir. 2011).

We have also considered whether an employer consciously factored race into its disciplinary decision-making process, including by noting each employee's race in a decision-making spreadsheet used to determine disciplinary outcomes. *Id.* at 1336. We found a "convincing mosaic" of circumstantial evidence of pregnancy discrimination when the plaintiff's supervisor repeatedly called her disparaging names and vowed to "find a way to write [her] up and get her out of here," and where it reassigned the plaintiff eight days after returning from maternity leave. *Hicks v. City of Tuscaloosa*, 870 F.3d 1253, 1255–57 (11th Cir. 2017) (quotation omitted).

Turning to the merits of Butts's race- and color-based discrimination claims, we conclude that the district court did not err by granting CentiMark's motion for summary judgment. Butts failed to identify a similarly situated employee from outside his protected class who was given preferential treatment. *Rice-Lamar*, 232 F.3d at 842–43. Specifically, Butts's proposed comparators did not share his disciplinary or employment history. Johnny Streetman, Butts's primary proposed comparator, had worked for CentiMark for 14 years—as compared to Butts's 2 years—and, unlike Butts, hadn't been previously disciplined for failing to complete technical training assignments or failing to show up to work. Thus, Streetman was not "similarly situated" for the purposes of a discrimination claim. The only other comparator to whom Butts

points is Patrick McKenzie. But Butts provided no information about McKenzie's employment or disciplinary history, including whether McKenzie successfully completed technical training, ever behaved disrespectfully at a disciplinary hearing, or ceased coming to work. Thus, Butts failed to provide a comparator who was treated differently.

We also conclude that Butts did not present a "convincing mosaic" of discrimination. The two isolated comments made by Butts's supervisor on which Butts relies are not the type of remarks that we've held show racial discrimination. *See, e.g.*, *E.E.O.C. v. Alton Packaging Corp.*, 901 F.2d 920, 923 (11th Cir. 1990) ("[Y]ou people can't do a [expletive] thing right."); *Miles v. M.N.C. Corp.*, 750 F.2d 867, 874, 876 (11th Cir.1985) ("[H]alf of them weren't worth a [expletive]."). Furthermore, CentiMark did not reference race during its disciplinary process, and it had no incentive to treat white employees preferentially. *Cf. Smith*, 644 F.3d at 1336–37, 1341. And nobody called Butts any defamatory names or expressed a desire to "find a way" to terminate him. *Hicks*, 870 F.3d at 1255–57. Lastly, Butts did not identify any similarly situated employees—let alone systematic better treatment of such employees—and has not shown that his supervisor's statements or actions were suspiciously timed. *Lewis*, 934 F.3d at 1185.

## III

Title VII also prohibits employers from retaliating against an employee for opposing an unlawful practice or participating in a proceeding to enforce their rights. 42 U.S.C. § 2000e-3(a).

Under the *McDonnell-Douglas* framework, if a plaintiff establishes a prima facie case of retaliation and the employer articulates legitimate, nondiscriminatory reasons for its action, the burden shifts back to the plaintiff to show that the defendant's stated reasons were pretextual. *McDonnell Douglas*, 411 U.S. at 807. To show pretext, a plaintiff must specifically respond to the employer's proffered reasons and produce evidence directly rebutting those reasons. *Holland v. Gee*, 677 F.3d 1047, 1055–56 (11th Cir. 2012).

A plaintiff may show that an employer's reasons are pretextual by showing that "weaknesses, implausibilities, inconsistencies, incoherencies or contradictions in [its] proffered legitimate reasons for its actions [were such] that a reasonable factfinder could find them unworthy of credence." *Springer v. Convergys Customer Mgmt. Grp., Inc.*, 509 F.3d 1344, 1348 (11th Cir. 2007) (quotation marks omitted). If the proffered reason is one that would motivate a reasonable employer, a plaintiff cannot simply quarrel with the wisdom of the employer's decision. *Chapman v. AI Transp.*, 229 F.3d 1012, 1030 (11th Cir. 2000) (en banc). Ultimately, a proffered reason cannot "be a pretext for discrimination unless it is shown both that the reason was false, and that discrimination was the real reason." *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 515 (1993) (quotation marks and emphasis omitted).

Here, we conclude that the district court properly granted summary judgment to CentiMark on Butts's retaliation claims because he failed to show that the reasons for demoting and terminating him—failing to complete training assignments, failing to

develop adequate technical skills, behaving disrespectfully during a disciplinary meeting, and failing to come to work several days in a row—were false, and that the true reason was retaliatory.  Accordingly, we affirm.

**AFFIRMED.**