[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 20, 2010
JOHN LEY
CLERK

No. 10-10167
Non-Argument Calendar
_____

D.C. Docket No. 9:09-cv-80902-WPD

THOMAS E. HELT,

Plaintiff-Appellant,

versus

PALM BEACH COUNTY SHERIFF'S OFFICE,
SAND & SEA VILLAGE TRAILER PARK, et al.,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 20, 2010)

Before TJOFLAT, HULL and WILSON, Circuit Judges.

PER CURIAM:

Thomas E. Helt appeals the district court's <u>sua sponte</u> dismissal of his <u>pro se</u> 42 U.S.C. § 1983 complaint without prejudice for failure to comply with the court's orders. After review, we affirm.

Helt, a Florida state prisoner, pled guilty in 2008 to manslaughter in connection with the death of his girlfriend, Lisa Rosenfarb. Helt, proceeding <u>in forma pauperis</u> and <u>pro se</u>, filed this § 1983 action against various entities involved in the investigation of Rosenfarb's death and Helt's subsequent criminal prosecution. The § 1983 complaint alleges violations of Helt's First, Fourth, Fifth, Sixth, Eighth, Tenth and Fourteenth Amendment rights arising out of the criminal investigation and prosecution and also the medical treatment Helt received while detained at the Palm Beach County Jail during the trial.

The district court dismissed the complaint without prejudice because Helt repeatedly failed to comply with the court's orders to amend the complaint to comply with the pleading requirements of Federal Rule of Civil Procedure 8(a) and 10(b).

Under the Prison Litigation Reform Act, a court must dismiss a prisoner's civil rights complaint if it "fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A; <u>id.</u> § 1915(e)(2). To properly state a claim, a plaintiff must file a complaint containing a "short and plain statement of the claim

showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In addition, Federal Rule of Civil Procedure 10(b) requires a plaintiff to state claims "in numbered paragraphs, each limited as far as practicable to a single set of circumstances" and, when it will promote clarity, requires the plaintiff to limit each claim to "a separate transaction or occurrence." Fed. R. Civ. P. 10(b).

A district court has the authority to dismiss a complaint for failure to comply with a court order or the federal rules. See Fed. R. Civ. P. 41(b); Betty K Agencies, Ltd. v. M/V Monada, 432 F.3d 1333, 1337 (11th Cir. 2005) (recognizing that a district court may act under either Rule 41(b) or under its inherent authority to enforce its own orders). We review such a dismissal for an abuse of discretion. Betty K Agencies, Ltd., 432 F.3d at 1337; see also Gratton v. Great Am. Commc'ns, 178 F.3d 1373, 1374 (11th Cir. 1999). Dismissal "upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).

In Helt's case, we find no abuse of discretion. While conducting a preliminary screening pursuant to § 1915A, a magistrate judge determined that Helt's original pro se complaint, which consisted of over one hundred pages, many of them handwritten, was "insufficient to proceed because it is impossible to

3

discern what constitutional claims are raised against each defendant no[r] what relief the plaintiff seeks." The magistrate judge's order directed Helt to amend his complaint to set forth "a short and plain statement of his claims, describing the nature of any injuries and how each individual defendant violated his constitutional rights." The order gave Helt's explicit instructions to, among other things, use separate paragraphs for each defendant "explaining what that defendant did and the supporting facts to show why that person is being sued." The order also warned Helt that the failure to file a compliant amended complaint might result in the dismissal of his case without prejudice.

In response, Helt filed an 18-page pleading, which, while more concise, was disjointed, difficult to decipher and did not explain in separate paragraphs precisely what each named defendant did to violate Helt's rights. The magistrate judge determined Helt's amended complaint was insufficient. The magistrate judge's second order reiterated the instructions Helt needed to follow to cure the complaint's deficiencies and again warned Helt that a failure to do so might result in the dismissal of his case.

Helt filed a third pleading, entitled "Motion for Order to Show Cause to 2254 to Amended Complaint" which had over one hundred pages of attachments. This pleading restated the allegations in Helt's original and first amended

4

complaints and added assertions, <u>inter alia</u>, (1) that Helt had complied with Rules of Civil Procedure, (2) that his amended complaint contained a short and plain statement of his claims and (3) that he had described with as much precision as possible what transpired and the actions each defendant took.

The magistrate judge issued a Report and Recommendation ("R&R") finding that Helt's complaint was still insufficient to proceed because it was impossible to discern what constitutional claims were raised against each defendant and what relief Helt sought. The magistrate judge noted that Helt had been permitted to amend his complaint to cure the deficiencies in his pleading, and he had filed a pleading which was "almost indecipherable." Although Helt was permitted a second attempt at amending his complaint, the magistrate judge still could not discern "either the claims or the defendants to be sued." The R&R acknowledged Helt's <u>pro se</u> status, but explained that the defendants "must be able to understand the claim of the plaintiff and what he or she is accused of." Citing Rules 8(a) and 10(b), the R&R recommended dismissing Helt's action without prejudice for failure to comply with the court's orders.

Over Helt's objection, the district court adopted the R&R and dismissed Helt's § 1983 complaint without prejudice. The district court agreed that it could not "ascertain what Plaintiff's complaints are, or who he is suing." The district

court suggested that to the extent Helt was challenging his 2008 manslaughter conviction, his claims seemed to be barred by <u>Heck v. Humphrey</u>, 512 U.S. 477, 114 S. Ct. 2364 (1994), but that, "[i]n any event, Plaintiff has been given ample opportunities to cure the defects in this complaint and has been unable to do so."

Helt was advised of the defects in his complaint and given two opportunities to cure them. Helt was warned twice that he faced dismissal if he was unable to do so. Furthermore, Helt's last pleading maintained that Helt could not make more precise allegations. Based on our own review, we agree with the district court that Helt's attempts to cure the pleading defects were insufficient to comply with Rules 8(a) and 10(b) and did not advise the defendants of the precise claims against them or the actions they took giving rise to those claims. Accordingly, the district court was within its discretion to dismiss Helt's action without prejudice.

**AFFIRMED.**