09-5019-ag
Zheng v. Holder

BIA
A078 719 821

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 28th day of October, two thousand ten.

PRESENT:
> GUIDO CALABRESI,
> ROBERT A. KATZMANN,
> REENA RAGGI,
> > *Circuit Judges.*

_____

YU YAN ZHENG,
> *Petitioner,*

> v.                                                    09-5019-ag
>                                                        NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Gary J. Yerman, New York, New York

FOR RESPONDENT:          Tony West, Assistant Attorney
                         General; Francis W. Fraser, Senior
                         Litigation Counsel; W. Daniel Shieh,
                         Trial Attorney, Office of
                         Immigration Litigation, Civil
                         Division, United States Department
                         of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Yu Yan Zheng, a native and citizen of the People's Republic of China, seeks review of a November 20, 2009 order of the BIA denying her motion to reopen. *In re Yu Yan Zheng*, No. A078 719 821 (B.I.A. Nov. 20, 2009). We assume the parties' familiarity with the underlying facts and procedural history of this case.

We review the BIA's denial of a motion to reopen for abuse of discretion, mindful of the Supreme Court's admonition that such motions are disfavored. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (citing *INS v. Doherty*, 502 U.S. 314, 322-23 (1992)). There is no dispute that Zheng's March 2009 motion to reopen was untimely and numerically barred because the BIA entered a final administrative order dismissing her appeal in December 2003 and Zheng filed her first motion to reopen in November 2006. *See* 8 C.F.R. § 1003.2(c)(2). However, the time and number limitations do not apply to a motion to reopen "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could

2

not have been discovered or presented at the previous hearing." *Id.* § 1003.2(c)(3)(ii). Zheng claims that her motion falls under this exception.

The BIA did not abuse its discretion in denying Zheng's motion to reopen. Contrary to Zheng's argument, there is no indication that the BIA ignored any material evidence she submitted. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008) (recognizing that BIA need not "expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner" (internal quotation marks omitted)); *see also Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 337 n.17 (2d Cir. 2006) (presuming that agency "has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise"). Rather, the record supports the BIA's reasonable determination that, although China has engaged in discrimination and abuse against Christians, Zheng failed to establish that conditions in China had fundamentally changed such that reopening was warranted. *See Siewe v. Gonzales*, 480 F.3d 160, 167 (2d Cir. 2007) ("Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." (internal quotation marks omitted)); *Xiao Ji Chen*, 471 F.3d at 342 (holding that weight afforded to applicant's evidence in

3

immigration proceedings lies largely within IJ's discretion).

Because the BIA did not abuse its discretion in finding that Zheng failed to establish changed country conditions sufficient to warrant reopening, we need not reach the BIA's finding that she failed to establish her *prima facie* eligibility for relief.

To the extent Zheng asks the Court to take judicial notice of the 2009 Report of the Congressional-Executive Commission on China, dated prior to the BIA's denial of her motion, we decline the invitation as our review is limited to the record before the agency.  8 U.S.C. § 1252(b)(4)(A).  Moreover, this court has held that remand for agency consideration of documents outside the administrative record is inappropriate.  *See Xiao Xing Ni v. Gonzales*, 494 F.3d 260, 269-70 (2d Cir. 2007).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, the pending motion for a stay of removal in this petition is DENIED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4