[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-14024
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cv-00559-TCB


ULRICK ANDRE BOLTON,

Plaintiff-Appellant,

versus

HEELY-BROWN,

Defendant-Appellee.


_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(January 25, 2016)

Before TJOFLAT, WILSON, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Ulrick Bolton, proceeding pro se, appeals the district court's order dismissing his complaint for failure to obey a court order. After Bolton filed his original complaint, the district court ordered him to amend his complaint to address the pleading deficiencies identified in a magistrate judge's report and recommendation. The court also warned him that failing to comply with its order would result in dismissal. Bolton argues that the reason he failed to obey the court's order was because he hired an attorney that failed to file his required documents. However, because Bolton never filed an amended complaint after the district court warned him of the consequences and gave him a specific date by which to amend, the court did not abuse its discretion in dismissing his complaint.

We review a district court's order dismissing an action for failure to comply with the rules of the court for abuse of discretion. *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006). A court may dismiss an action sua sponte under Rule 41(b) of the Federal Rules of Civil Procedure or through its own inherent authority for failure to obey a court order. *See* Fed. R. Civ. P. 41(b); *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005). Although the district court did not specify whether the action was dismissed with or without prejudice, the court made no findings that lesser sanctions would not suffice; therefore, we will presume the dismissal was without prejudice. *See Betty K Agencies, Ltd.*, 432 F.3d at 1337–38.

2

As an initial matter, the only proper claim on appeal is whether the district court abused its discretion by dismissing Bolton's complaint for failure to comply with a court order. Bolton asserts the district court erred in granting summary judgment and that it did not consider his evidence, but the district court did not grant summary judgment. Moreover, Bolton offers arguments with regard to the adequacy of his complaint, but the district court did not dismiss his complaint for failure to state a claim. Finally, Bolton states that he wishes to proceed *in forma pauperis*, but this court has already decided and denied Bolton's motion for leave to proceed *in forma pauperis*.

Turning to the sole issue before us, we are not convinced that the district court abused its discretion by dismissing Bolton's complaint. The district court told Bolton that he needed to amend his complaint, gave him a specific date by which to do so, and forewarned him that it would dismiss his case if he did not, but Bolton still failed to either amend his complaint or request an extension of time. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."). Although Bolton argues that he hired an attorney and it was the attorney's fault, no attorney ever entered an appearance or filed any documents on Bolton's behalf. And, even giving due consideration to Bolton's pro se status, Bolton nevertheless failed to

3

comport with the clear order of the district court.  Accordingly, in light of the district court's forewarning of dismissal and Bolton's failure to comply with the court's order, the district court did not abuse its discretion in dismissing Bolton's complaint.

**AFFIRMED.**