[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-13982
Non-Argument Calendar

_____

D.C. Docket No. 1:14-cv-00822-ODE

JENNA THURMOND,

Plaintiff - Appellant,

versus

BAYER HEALTHCARE PHARMACEUTICALS, INC.,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(May 23, 2016)

Before MARCUS, WILLIAM PRYOR and FAY, Circuit Judges.

PER CURIAM:

In this products liability action, Plaintiff-Appellant Jenna Thurmond appeals

from the district court's final order granting summary judgment in favor of

Defendant-Appellee Bayer Healthcare Pharmaceuticals, Inc. ("Bayer").    Her

complaint brought various state-law claims arising out of Bayer's manufacture and distribution of the Mirena intrauterine contraception system ("Mirena IUS"), which allegedly caused her injuries. On appeal, Thurmond argues that the district court: (1) abused its discretion by denying her motions to extend fact discovery and expert disclosure deadlines; (2) abused its discretion by denying her motion to amend her complaint; and (3) improperly granted summary judgment in favor of Bayer. After thorough review, we affirm.

We review a district court's rulings on discovery motions for abuse of discretion. See Benson v. Tocco, Inc., 113 F.3d 1203, 1208 (11th Cir. 1997). Likewise, we "will only reverse a district court's denial of a motion to amend in instances in which the district court has clearly abused its discretion." Oravec v. Sunny Isles Luxury Ventures, L.C., 527 F.3d 1218, 1231 (11th Cir. 2008) (quotation omitted). The abuse-of-discretion standard of review is "extremely limited and highly deferential." In re Clerici, 481 F.3d 1324, 1331 (11th Cir. 2007) (quotation omitted). "Discretion means the district court has a range of choice, and that its decision will not be disturbed as long as it stays within that range and is not influenced by any mistake of law." Betty K Agencies, Ltd. v. M/V Monada, 432 F.3d 1333, 1337 (11th Cir. 2005) (quotation omitted). We review a district court's grant of summary judgment de novo. See Nat'l Fire Ins. Co. of Hartford v. Fortune Constr. Co., 320 F.3d 1260, 1267 (11th Cir. 2003).

The essential facts are these. On March 20, 2014, Thurmond filed a complaint in federal district court alleging that her use of the Mirena IUS, a contraceptive device manufactured and designed by Bayer, caused her to develop pseudotumer cerebri ("PTC"), also known as idiopathic intracranial hypertension ("IIH"). Her symptoms included severe migraines, changes to her vision and hearing, vertigo, and head and neck pain. Thurmond asserted claims for negligence, design defect, failure to warn, strict liability, breach of implied warranty, breach of express warranty, negligent misrepresentation, fraudulent misrepresentation, and fraud by suppression and concealment.

On May 23, 2014, the parties filed a Joint Preliminary Report and Discovery Plan. Thurmond proposed a scheduling order that set a fact discovery deadline of October 23, 2015, and Bayer sought a discovery schedule with fact discovery ending on November 28, 2014. The district court adopted Bayer's proposal on June 11, 2014. On November 7, 2014, the district court granted the parties' joint request to extend the deadline for fact discovery to January 31, 2015. On January 31, Thurmond filed a motion to extend discovery until October 23, 2015. The court denied this request. It found that Thurmond had not shown what new fact discovery was needed or why it was needed, and determined that Thurmond's counsel had not been diligent in reviewing documents.

On March 30, 2015, Thurmond filed a motion to extend the expert disclosure deadline, and on April 30 she filed a motion to amend her complaint to add foreign entities Bayer Oy and Bayer Pharma AG as defendants. Bayer moved for summary judgment on May 11, 2015. On August 4, 2015, the district court issued an order denying Thurmond's motions to extend discovery and to amend her complaint, and granting Bayer's motion for summary judgment on all counts. This appeal follows.

First, we find no merit to Thurmond's argument that the district court abused its discretion by denying her motions to extend fact discovery and expert disclosure deadlines. The scheduling order set by the district court "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "[W]e have often held that a district court's decision to hold litigants to the clear terms of its scheduling orders is not an abuse of discretion." Josendis v. Wall to Wall Residence Repairs, Inc., 662 F.3d 1292, 1307 (11th Cir. 2011). Thurmond submitted her first request for production on October 21, 2014, four months after the discovery schedule was entered. She did not initiate any depositions, or name any expert witnesses. Thurmond explained that further discovery would be necessary if additional defendants were added. But because the court was within its discretion to deny leave to amend her complaint, as

4

discussed below, this request was properly denied.  The district court granted one discovery deadline extension.  It was not an abuse of discretion to deny a second.

We are also unconvinced by Thurmond's claim that the district court abused its discretion by denying her motion to amend her complaint to add two Bayer foreign entities.  A party may amend its pleading once as a matter of course within 21 days after serving it, or 21 days after service of a responsive pleading or certain Rule 12 motions.  Fed. R. Civ. P. 15(a)(1).  "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  "Nevertheless, a motion to amend may be denied on numerous grounds, such as undue delay, undue prejudice to the defendants, and futility of the amendment."  Carruthers v. BSA Advert., Inc., 357 F.3d 1213, 1218 (11th Cir. 2004) (quotation omitted).  "Prejudice and undue delay are inherent in an amendment asserted after the close of discovery and after dispositive motions have been filed, briefed, and decided."  Campbell v. Emory Clinic, 166 F.3d 1157, 1162 (11th Cir. 1999).  "[I]t is not an abuse of discretion for a district court to deny a motion for leave to amend following the close of discovery, past the deadline for amendments and past the deadline for filing dispositive motions."  Lowe's Home Centers, Inc. v. Olin Corp., 313 F.3d 1307, 1315 (11th Cir. 2002).

Here, Thurmond sought to amend her complaint on April 30, 2015, ten months after the deadline to amend pleadings, and three months after the close of fact discovery. But as early as the filing of the parties' joint discovery plan on May 23, 2014, Thurmond expressly recognized that foreign defendants were necessary to the case. See D.E. 8 at 13 (providing, as plaintiff's position, that "Defendant out-sourced many of its Mirena-related tasks to related entities in foreign countries, necessitating the addition of foreign defendants and foreign discovery."). In addition, Thurmond's counsel represents plaintiffs in multidistrict litigation ("MDL") involving an unrelated alleged defect in the Mirena IUS, and Bayer Oy and Bayer Pharma AG are both defendants. In re: Mirena IUD Products Liability Litigation, 938 F. Supp. 2d 1355 (J.P.M.L. 2013). Thurmond's counsel admits that the firm had access to the MDL database as of October 2, 2014, and was aware of the foreign parties' role in developing the Mirena IUS -- long before Thurmond moved for leave to amend. On this record, Thurmond cannot show good cause to add the foreign defendants now after having waited for so long. The district court acknowledged that some delay may have been warranted given the obstacles to joining foreign entities. But as we see it, the district court did not abuse its discretion by denying leave to amend this late in the process.

Finally, we are unpersuaded by Thurmond's argument that the district court improperly granted summary judgment in favor of Bayer. Summary judgment is

6

appropriate where the pleadings and supporting materials establish that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  See Fed. R. Civ. P. 56; Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  "We draw all factual inferences in a light most favorable to the non-moving party."  Shiver v. Chertoff, 549 F.3d 1342, 1343 (11th Cir. 2008).  As relevant here, when the summary judgment movant does not bear the burden of proof at trial, the movant may show "that there is an absence of evidence to support the non-moving party's case."  Doe v. Drummond Co., 782 F.3d 576, 603-04 (11th Cir. 2015) (quotation omitted), cert. denied, 136 S. Ct. 1168 (2016).  "If the movant shows that there is an absence of evidence, the non-moving party who bears the burden of proof at trial must contradict this showing by demonstrating that the record in fact contains supporting evidence, sufficient to withstand a directed verdict motion."  Id. at 604 (quotation omitted).  "In the alternative, the non-movant may come forward with additional evidence sufficient to withstand a directed verdict motion at trial based on the alleged evidentiary deficiency."  Id. (quotation omitted).

In this appeal, Thurmond has conceded that she has "not attempted to argue the merits of the lower court's ruling on granting summary judgment."  Reply Br. at 17.  Thus, she has abandoned this issue, and it is not before us.  See Access Now, Inc. v. Sw. Airlines Co., 385 F.3d 1324, 1330 (11th Cir. 2004) ("the law is

by now well settled in this Circuit that a legal claim or argument that has not been briefed before the court is deemed abandoned and its merits will not be addressed.").[1]

**AFFIRMED.**

---

[1] In any event, even if we were to consider it, we could not conclude that the district court erred in granting summary judgment in favor of Bayer.  As the record reveals, Thurmond did not put forth evidence in the district court to establish the elements of her claims.  For example, "[t]o prevail in a Georgia products liability action, whether based on negligence or strict liability, a plaintiff must show that the proximate cause of the injury was a defect which existed when the product was sold."  Carmical v. Bell Helicopter Textron, Inc., a Subsidiary of Textron, Inc., 117 F.3d 490, 494 (11th Cir. 1997) (citing Ga. Code § 51-1-11(b)(1)).  Under Georgia law, medical expert testimony is essential in products liability actions when the theory of causation is not a natural inference that a juror could make through human experience. See Allison v. McGhan Med. Corp., 184 F.3d 1300, 1320 (11th Cir. 1999).  Here, it is undisputed that jurors cannot naturally infer a causal link between the Mirena IUS and PTC/IIH, and that Thurmond has offered no expert testimony on causation.  For much the same reason, her non-products liability claims fail as well.  As a result, the district court did not err in granting summary judgment in favor of Bayer on Thurmond's claims.