[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-12409
Non-Argument Calendar
_____

D.C. Docket No. 2:18-cv-00565-LSC-JHE


CURTIS EDWARD NELSON,

Plaintiff - Appellant,


versus


ALABAMA PRISON COMMISSIONER,
RUTH NAGLICH,
Associate A.D.O.C. Commissioner Alabama Health Service,
MHM CORRECTIONAL SERVICES, INC.,
ALABAMA REGIONAL OFFICE PROGRAM,
Director,
CORIZON HEALTHCARE INC,
A.D.O.C. provider both capacities, et al.,

Defendants - Appellees.


_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(April 11, 2019)

Before WILSON, ROSENBAUM, and HULL, Circuit Judges.

PER CURIAM:

Curtis Nelson is an Alabama state prisoner who filed a *pro se* lawsuit under 42 U.S.C. § 1983 broadly challenging the conditions and validity of his confinement. Upon screening his complaint, a magistrate judge found that Nelson's application to proceed without prepayment of costs was deficient because Nelson had not submitted a certified copy of prison account statements for the last six months. The magistrate judge therefore ordered him to correct the error within 30 days or face dismissal of his lawsuit for failure to prosecute. When the deadline came and went without a response from Nelson, the district court entered an order dismissing the action without prejudice for failure to prosecute.

A few weeks later, Nelson filed a notice of appeal in which he asserted that he had timely complied with the magistrate judge's order by submitting a certified copy of his prison account statements. Attached to his notice of appeal was what he claimed to be a copy of this document. The docket sheet does not reflect that the district court received this document, however, and the court later noted that "the authenticity of the information and the authorized officer's signature is in question."[1]

---

[1] It is not material to our decision, but we find the district court's concerns valid, particularly in light of the apparent similarities between the signatures of Nelson, the notary, and the authorized officer.

2

Ordinarily, we review a dismissal for failure to prosecute for an abuse of discretion. *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005). And because Nelson is proceeding *pro se* on appeal, we must construe his brief liberally. *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008). Even so, "issues not briefed on appeal by a *pro se* litigant are deemed abandoned." *Id.*

Here, even liberally construing Nelson's brief on appeal, we cannot discern an argument that the district court abused its discretion by dismissing his lawsuit for failure to prosecute. Aside from referencing what appear to be issues with the mail several months after the dismissal order in this case, the bulk of Nelson's brief is devoted to another case of his before the district court, as well as his underlying criminal case. In that other district-court case, it appears that the court ruled he was attempting to bring an impermissible successive petition for writ of habeas corpus. He indicates in his brief that he wishes to seek permission from this Court to file a successive habeas petition.

Because Nelson has failed to address the only issue before this Court in this appeal—whether the district court abused its discretion in dismissing his § 1983 lawsuit for lack of prosecution—we must conclude that he has abandoned the issue. *See Timson*, 518 F.3d at 874. We therefore **AFFIRM** the dismissal of his complaint. We note, however, that because the dismissal was without prejudice, it appears

3

Nelson may refile his lawsuit, along with the proper supporting documentation, if he wishes to pursue his § 1983 claims challenging the conditions of his confinement.

As to Nelson's apparent wish to file a successive habeas petition with this Court's permission, we decline to consider that request as part of this appeal. *See* 11th Cir. R. 22–3 (stating that "applicants seeking leave to file a second or successive habeas corpus petition . . . should use the appropriate form provided by the clerk of this court"). But the Clerk is **DIRECTED** to send Nelson a form application for leave to file a second or successive § 2254 petition along with a copy of this opinion.

**AFFIRMED.**