[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-12604
Non-Argument Calendar
_____

D.C. Docket No. 1:17-cv-00550-SCJ


JOSE ANTONIO VELEZ,

Plaintiff - Appellant,

versus

D. VICTOR REYNOLDS,
MARTY FIRST,

Defendants - Appellees.


_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(May 8, 2019)

Before BRANCH, GRANT, and ANDERSON, Circuit Judges.

PER CURIAM:

Jose Antonio Velez appeals *pro se* the dismissal of his 42 U.S.C. § 1983 lawsuit alleging that Victor Reynolds and Marty First, prosecutors for the State of Georgia, committed a malfeasance of justice by prosecuting him in a 2010 criminal case for which, Velez alleged, the court lacked jurisdiction.  The district court dismissed the suit without prejudice after Velez failed to comply with an order to submit a more definite statement.  Velez argues that his lawsuit clearly stated that there were jurisdictional issues with his underlying criminal case and the defendants were required to prove jurisdiction over him.

We review a district court's dismissal of an action for failure to comply with the rules of the court for abuse of discretion.  *Betty K. Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005).  We construe *pro se* pleadings liberally, but *pro se* litigants are still required to follow procedural rules.  *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (*per curiam*).  Further, this liberal construction "does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014) (quotation marks omitted).  "[I]ssues not briefed on appeal by a *pro se* litigant are deemed abandoned," and we do "not address arguments raised for the first time in a *pro se* litigant's reply brief."  *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (*per curiam*).

District courts have inherent power to manage their dockets. *Betty K.*, 432 F.3d at 1337. "If the [district] court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading." Fed. R. Civ. P 12(e). If the defendant fails to replead as directed, the district court may dismiss the case under its inherent authority to manage its docket. *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321 n.10 (11th Cir. 2015). "[D]ismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

Here, the district court did not abuse its discretion in dismissing Velez's suit without prejudice because it appropriately determined that his complaint could not be construed to contain sufficient allegations against the defendants and ordered a more definite statement from Velez, who failed to comply. Because Velez's response did not address the deficiencies of his complaint, the district court, under the power of Fed. R. Civ. P. 12(e) and its inherent power to manage its docket, had the authority to strike his complaint and dismiss the case. Thus, the district court did not abuse its discretion, and we affirm.

**AFFIRMED.**