[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-15280
Non-Argument Calendar

_____

D.C. Docket No. 5:17-cv-01178-LCB


ANDREA LYLE,

Plaintiff - Appellant,

versus

BASF CHEMISTRY, INC.,
a Corporation,
KELLY SERVICES, INC.,
a Corporation,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(February 5, 2020)

Before ED CARNES, Chief Judge, GRANT, and TJOFLAT, Circuit Judges.

PER CURIAM:

Andrea Lyle appeals the district court's dismissal with prejudice of her complaint against BASF Chemistry, Inc. and Kelly Services, Inc., for failure to comply with the district court's orders.  We affirm.

I.

Plaintiff-Appellant Andrea Lyle sued Defendant-Appellees BASF Chemistry, Inc. and Kelly Services, Inc. for sexual harassment and retaliation in violation of Title VII of the Civil Rights Act of 1964.  See 42 U.S.C. § 2000e et seq.  After the defendants answered, the district court entered a scheduling order that, among other things, set May 2, 2018, as the deadline for party depositions and July 2, 2018, as the deadline for the completion of all discovery.

On April 16 Kelly filed what would become the first of several motions about Lyle's discovery conduct.  Kelly sought a discovery conference to address what it characterized as Lyle's failure to respond to its discovery requests, including its interrogatories, its requests for production, and its requests to schedule depositions.  The district court granted Kelly's motion, held a telephone conference on April 18, and issued an order the same day.  In the order, the district court ordered Lyle to respond to both Kelly's and BASF's discovery requests by April 27, scheduled Lyle's deposition for May 8, and extended the discovery deadline to May 31.

2

On April 30 Lyle's attorney filed a "Notice" stating that he had been unable to contact Lyle via telephone or email. Four days later, on May 4, the defendants jointly filed a motion to dismiss Lyle's complaint under Federal Rule of Civil Procedure 41(b) for failure to prosecute and failure to comply with the district court's order. In the alternative, they sought an order postponing Lyle's deposition and again directing her to fully respond to their discovery requests. The district court issued an order postponing Lyle's deposition, ordering Lyle and all attorneys to appear at a telephone conference on May 10, and informing Lyle that it would dismiss her case for failure to prosecute if she did not appear.

Lyle appeared on the call, and after the call the district court entered another order modifying the discovery deadlines to account for Lyle's delays. The court ordered Lyle to respond to the defendants' discovery requests by May 24, set Lyle's deposition for June 21, and extended the discovery deadline to September 3.

On May 25, the day after Lyle's deadline to respond to the defendants' discovery requests, the defendants again jointly moved to dismiss her complaint for lack of prosecution, stating that neither defendant had "received any discovery responses from Lyle" by the May 24 deadline. The district court ordered Lyle to show cause by June 5 why her case shouldn't be dismissed.

Lyle did so, asserting that she had responded to the defendants' discovery requests in writing on June 2 (one week after the May 24 deadline). She also said

3

that she had been sick with a cold, an upper respiratory infection, and a chronic illness, and that she had a busy work schedule. She argued that dismissal wasn't warranted because the defendants still had 10 days to prepare for her deposition, and "had the benefit of their own internal investigation, an EEOC investigation[,] and the EEOC file," so her late discovery responses wouldn't prejudice them.

Kelly and BASF each responded and stated that Lyle had not, in fact, fully responded to their discovery requests and that her inadequate responses had prejudiced both of them. They each attached Lyle's discovery responses and discussed specific deficiencies in her responses, including that Lyle began her responses by asserting 15 general objections and made boilerplate objections to every interrogatory and every request for production. BASF also attached a "Table of Deficiencies" discussing each of Lyle's discovery responses and detailing the ways in which her responses were inadequate.

On June 19 the district court held another telephone conference addressing the defendants' second motion to dismiss. On June 28 the court struck all of Lyle's objections as untimely and ordered Lyle to provide complete discovery responses within 14 days of its order.

On July 20 the defendants jointly moved — for the third time — to dismiss Lyle's complaint for failure to prosecute and failure to comply with the district court's orders. They stated that Lyle had never responded to their interrogatories

4

without objections and had never served written responses to BASF's requests for production. They attached to their motion a copy of Lyle's most recent discovery responses.

The court ordered Lyle — for the second time — to show cause why her case shouldn't be dismissed with prejudice. Lyle filed a response that was largely the same as the one she had filed in response to the district court's first order to show cause. It did not address the defendants' assertions that her most recent discovery responses were inadequate. She attached copies of her responses to each defendant's interrogatories and requests for production.

On November 19 the district court held an in-person hearing addressing the defendants' third motion to dismiss. At the hearing, Lyle's attorney admitted that some discovery responses were inadequate and that he had no excuse for failing to fully respond to the defendants' discovery requests. He also stated that he was approximately 60% at fault and Lyle was 40% at fault for the discovery failures. And he said that Lyle had told him she would continue to withhold responses to discovery requests about her medical history, despite the district court's order that she fully respond to the discovery requests.

One week later, the district court issued a memorandum opinion and order granting the defendants' motion and dismissing Lyle's complaint with prejudice. The court found that Lyle's "repeated discovery failures" were attributable to both

Lyle and her attorney, that Lyle had failed to make herself reasonably available to her attorney to respond to discovery requests, and that her attorney had failed to ensure that his discovery responses complied with the court's orders. It found that this "pattern of conduct" had been ongoing for several months despite repeated warnings by the court, and that Lyle's "continued failures" could "only be considered a pattern of willful or bad faith conduct." The court was unconvinced that "anything would change going forward." It found that neither giving Lyle additional time to respond to the discovery requests nor imposing monetary sanctions would correct her behavior and dismissed her complaint with prejudice. Lyle appealed.

## II.

It is not entirely clear whether the district court dismissed Lyle's complaint under Federal Rule of Civil Procedure 41(b) or Rule 37(b)(2)(A). But the distinction doesn't matter here. We review a district court's dismissal under either Rule 41(b) or Rule 37(b)(2)(A) for abuse of discretion. Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985) (Rule 41(b)); BankAtlantic v. Blythe Eastman Paine Webber, Inc., 12 F.3d 1045, 1048 (11th Cir. 1994) (Rule 37(b)(2)(A)). Under Rule 41(b), a district court may dismiss a complaint with prejudice when: "(1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not

suffice." Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1338 (11th Cir. 2005) (quotation marks omitted). Under Rule 37(b)(2)(A), a district court may dismiss a complaint with prejudice when: (1) a party's failure to comply with a court order is a result of willfulness or bad faith; and (2) the district court finds that lesser sanctions would not suffice. Malautea v. Suzuki Motor Co., Ltd., 987 F.2d 1536, 1542 (11th Cir. 1993).

## III.

The district court did not abuse its discretion in dismissing Lyle's complaint with prejudice — whether it dismissed it under Rule 41(b) or Rule 37(b)(2)(A). The district court had amended its discovery deadlines three times to give Lyle more time to respond, and each time, she failed to submit complete and adequate responses to the defendants' discovery requests. At the in-person hearing her attorney admitted that her responses were not adequate and also told the court that, at least as to discovery about her medical history, Lyle intended to continue providing inadequate responses. The district court found that this behavior amounted to a pattern of willful and bad faith conduct. The court also considered the lesser sanctions of either once again extending her discovery deadline or imposing monetary sanctions and concluded that neither would be effective at prompting Lyle to comply with its orders and her discovery obligations. Under either Rule 41(b) or 37(b)(2)(A), that was sufficient and the district court acted

7

well within its range of discretion.  <u>See</u> <u>Betty K</u>, 432 F.3d at 1338; <u>Malautea</u>, 987

F.2d at 1542.

    **AFFIRMED.**