[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-12294
Non-Argument Calendar
_____

D.C. Docket No. 1:18-cv-01953-JPB


JOHN CLIFFORD,

                                              Plaintiff,

CRAIG CLIFFORD,
SCOTT CLIFFORD,
PAUL CLIFFORD,
STEPHEN DAZZO,
JERSEY CORD CUTTERS, LLC,
KASOLAS FAMILY & FRIENDS VG INVESTMENT, LLC,
CHRISTINE C. CLIFFORD,
as administrator of the estate of John Clifford,

                                              Plaintiffs - Appellants,

                          versus

RICHARD FEDERMAN,
WINSTON JOHNSON,
GOTHAM MEDIA CORPORATION,
GOTHAM MEDIA SERVICES, INC.,
WINSONIC DIGITAL MEDIA GROUP, LTD.,
WINSONIC DIGITAL CABLE SYSTEMS NETWORK, LTD.,
JUSTIN SU,

LORI POOLE,
ROBERT KOSTENSKY,
TODD GUTHRIE, TECH CXO, LLC,
PATRICK SHAW,
RICKSHAW PRODUCTIONS, LLC,
DARYL ARTHUR,
MEGATONE MUSIC, LLC,
KRISTY THURMAN,
KT COMMUNICATIONS CONSULTING, INC.,
2251 LAKE PARK INVESTMENT GROUP LLC,
DOC MAANDI MOVIES LLC,
DMM-EXPENDABLES 3 LLC,
MAANDI MEDIA PRODUCTIONS DIGITAL LLC,
MAANDI ENTERTAINMENT LLC,
MAANDI MEDIA PRODUCTIONS LLC,
MAANDI PARK MS LLC,
MAANDI MEDIA HOLDINGS INTERNATIONAL LLC,
KIMBERLYTE PRODUCTIONS SERVICES, INC.,
2496 DIGITAL DISTRIBUTION LLC,
1094 DIGITAL DISTRIBUTION LLC,
SST SWISS STERLING, INC.,
HEATHER CLIPPARD,
ROBERT HALF INTERNATIONAL INC.,
d.b.a. The Creative Group,
d.b.a. Robert Half Technology, et al.,
WINSONIC DIGITAL MEDIA CABLE SYSTEMS HOLDINGS, INC., et al.,
CASCADE NORTHWEST, INC.,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(May 5, 2021)

Before WILSON, ROSENBAUM, and BLACK, Circuit Judges.

PER CURIAM:

2

Craig Clifford, Scott Clifford, Paul Clifford, Stephen Dazzo, Jersey Cord Cutters, LLC, Kasolas Family & Friends VG Investment, LLC, and Christine C. Clifford, as administrator of the estate of John Clifford (collectively, Appellants) appeal the district court's striking and dismissal of their Original and First Amended Complaints on shotgun pleading grounds and the district court's denial of their motion for reconsideration.  After review,[1] we affirm the district court.

## I.  BACKGROUND

On May 3, 2018, Appellants filed their 195-page, 50-count[2] Original Complaint against 42 defendants.  The Original Complaint alleged generally that the Appellees committed fraud when they solicited investments for a "fictitious and non-existent" internet television service trademarked as "VIDGO" and later used those investments to fund personal projects unrelated to the purported business venture.  Many of the Appellees moved to strike or dismiss the Original Complaint on shotgun pleading grounds.  On March 22, 2019, after "engag[ing] in the painstaking task of wading through and deciphering [Appellants'] tangled mess of allegations to determine the merits of the [Appellees'] pending motions," Judge

---

[1]  We review a district court's dismissal of a complaint on shotgun pleading grounds for an abuse of discretion.  *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1294 (11th Cir. 2018).  We also review a district court's denial of a motion for reconsideration for an abuse of discretion.  *Corley v. Long-Lewis, Inc.*, 965 F.3d 1222, 1234 (11th Cir. 2020).

[2]  The Original Complaint purports to contain 51 counts, but it does not contain a count 45.

Amy Totenberg granted the Appellees' motions to strike the Appellants' Original Complaint based on shotgun pleading grounds and directed the Appellants to replead their complaint with certain parameters:

(1) [Appellants] may not incorporate all 312 factual paragraphs into each count. [Appellants] instead must indicate which of the factual paragraphs are alleged to support each individual count alleged.

(2) Each individual count may only be based on a single legal claim or legal basis for recovery (i.e. [Appellants] may not assert "Legal Fraud, Fraud in the Inducement, and Alter-Ego Liability" together in the same count).

(3) [Appellants] are permitted to assert a single count against multiple defendants; however, [Appellants] must identify what precise conduct is attributable to each individual defendant separately in each count.

(4) As to Count 24 (Securities Fraud): [Appellants] must satisfy the heightened pleading requirements of Federal Rule of Civil Procedure 9(b) and the Private Securities Litigation Reform Act of 1995 (PSLRA).

(5) As to Counts 28 through 46 (Fraud) and Count 51 (Intentional Misrepresentation): [Appellants] must satisfy the heightened pleading requirements of Federal Rule of Civil Procedure 9(b).

Appellants filed their First Amended Complaint on April 23, 2019. The First Amended Complaint contained 258 pages and 52 counts against 36 defendants. As with the Original Complaint, many Appellees moved to dismiss the First Amended Complaint on shotgun pleading grounds. The case was reassigned to Judge J.P. Boulee in June of 2019. On January 7, 2020, Judge Boulee found that the First Amended Complaint was a "quintessential shotgun

4

pleading of the kind the Eleventh Circuit has condemned repeatedly." Judge Boulee stated it was "virtually impossible to know which allegations of fact are intended to support which claims of relief since each cause of action incorporates more than 200 paragraphs." He found that Appellants failed to correct the pleading deficiencies identified by Judge Totenberg—specifically identifying which facts support each individual count alleged and adequately identifying the precise conduct attributable to each defendant. He concluded that Appellants' method of pleading was no clearer than it was in the Original Complaint and remained an impermissible shotgun pleading.

Judge Boulee also stated that Judge Totenberg had "thoroughly explained to [Appellants] why the Original Complaint violated the shotgun pleading rule," and provided notice of the defects. However, because the Appellants "did not meaningfully amend their Original Complaint," Judge Boulee determined they should not be afforded another opportunity to amend. Thus, the court granted the motions to dismiss based on shotgun pleading grounds and dismissed the case with prejudice.

Appellants filed a motion for reconsideration pursuant to Federal Rule of Civil Procedure 60. On June 15, 2020, the district court rejected Appellants' arguments and denied the motion for reconsideration.

## II.  DISCUSSION

### A.  Shotgun Pleading

Appellants assert that both district judges abused their discretion in striking Appellants' Original Complaint and dismissing Appellants' First Amended Complaint on shotgun pleading grounds.  Shotgun pleadings violate Federal Rule of Civil Procedure 8(a)(2)'s "short and plain statement" requirement by "failing . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests."  *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1294-95 (11th Cir. 2018) (quotations and alteration omitted).   Shotgun pleadings are characterized by:  (1) multiple counts that each adopt the allegations of all preceding counts; (2) conclusory, vague, and immaterial facts that do not clearly connect to a particular cause of action; (3) failing to separate each cause of action or claim for relief into distinct counts; or (4) combining multiple claims against multiple defendants without specifying which defendant is responsible for which act.  *Weiland v. Palm Beach Cty. Sheriff's Ofc.*, 792 F.3d 1313, 1321-23 (11th Cir. 2015).  Dismissal of a complaint as a shotgun pleading is warranted where "it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief," where the failure to "more precisely parcel out and identify the facts relevant to each claim materially increase[s] the burden of understanding the factual allegations underlying each count," or where the

complaint indiscriminately lumps together multiple defendants without specifying how each is responsible for acts or omissions that give rise to a claim for relief. *Id.* at 1323-25 (quotations and emphasis omitted).

In dismissing a shotgun complaint, a district court must give the plaintiffs one chance to remedy its deficiencies. *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1358 (11th Cir. 2018). "What matters is function, not form: the key is whether the plaintiff had fair notice of the defects and a meaningful chance to fix them. If that chance is afforded and the plaintiff fails to remedy the defects, the district court does not abuse its discretion in dismissing the case with prejudice on shotgun pleading grounds." *Id.*

This Court, like the two district judges before us, has now "engaged in the painstaking task of wading through and deciphering [Appellants'] tangled mess of allegations." After that review, we conclude the district court did not abuse its discretion in striking Appellants' Original Complaint or dismissing Appellants' First Amended Complaint as shotgun pleadings. As to the Original Complaint, the district judge did not abuse her discretion in striking their complaint as (1) the Appellants incorporated by reference 312 paragraphs of factual allegations into each of their 50 enumerated causes of action, (2) each cause of action incorporated by reference each and every prior cause of action, (3) many of the enumerated causes of action were actually comprised of multiple sub-causes of action, (4) each

enumerated cause of action was asserted against multiple defendants, and

(5) Appellants essentially accused all defendants of being responsible for all acts and omissions, so that no individual defendant could identify exactly what he or she did wrong.  These deficiencies in the Original Complaint are the definition of a shotgun pleading, and the district court did not abuse its discretion in striking the complaint and giving the Appellants a chance to remedy the deficiencies.  *See Jackson*, 898 F.3d at 1358.

The district court also did not abuse its discretion in dismissing Appellants' First Amended Complaint as a shotgun pleading.  Even after Judge Totenberg gave Appellants explicit instructions on how to remedy the deficiencies in the complaint, Appellants did not do so.  While Appellants did not incorporate all 312 introductory paragraphs into each count, the majority of the 52 counts incorporated almost the entirety of the fact section of the complaint, consisting of 249 paragraphs and 104 pages.  The complaint is cumbersome, requiring the reader to identify and sift through hundreds of paragraphs incorporated into each count, and then parse through numerous allegations to identify which of those hundreds of paragraphs have some relevance to a particular defendant or cause of action.  It is virtually impossible to know which allegations of fact are intended to support which claims for relief when each cause of action incorporates more than 200 paragraphs.  As Judge Boulee observed, "this method of pleading is in no manner

any clearer than it was in the Original Complaint nor does it specifically identify the precise conduct attributable to each individual defendant." As Appellants had notice of the defects and a meaningful chance to fix them, it was not an abuse of discretion to dismiss the First Amended Complaint as a shotgun pleading. *See id.*

## B. Motion for Reconsideration

Appellants contend the district court abused its discretion in denying their motion for reconsideration. Appellants bring several points of error, which we address in turn.

### 1. Dismissal of State Law Claims with Prejudice

Appellants contend the district court's dismissal of their state law claims with prejudice rather than without prejudice required reconsideration. They rely on our decision in *Vibe Micro*, where we remanded for the limited purpose of dismissing without prejudice as to refiling in state court any state law claims. *Vibe Micro*, 878 F.3d at 1296-97. "Although it is possible for the district court to continue to exercise supplemental jurisdiction over these pendant claims . . . if the district court instead chooses to dismiss the state law claims, it usually should do so without prejudice as to refiling in state court." *Id.* at 1296 (citations omitted).

*Vibe Micro* is distinguishable from this case, however. This case is in federal court both on the basis of original federal question jurisdiction and diversity jurisdiction. Thus, any state law claims would be in federal court on the

9

basis of diversity jurisdiction with or without federal questions. The reasoning for remanding in *Vibe Micro* was because the state law claims there were in federal court on the basis of supplemental jurisdiction, rather than diversity jurisdiction. *Id.* Thus, the district court did not abuse its discretion in denying reconsideration on this basis.

2. *Grounds for Dismissal with Prejudice*

Appellants contend that no grounds exist for the extreme sanction of dismissal with prejudice. They rely on our decision in *Betty K., Ltd. v. M/V Monada, et al.*, 432 F.3d 1333, 1337-38 (11th Cir. 2005), providing that a dismissal with prejudice should be imposed only if a party engages in a clear pattern of delay or willful contempt and the district court specifically finds lesser sanctions would not suffice.

The district court did not abuse its discretion in dismissing Appellants' First Amended Complaint with prejudice. Specific to the shotgun pleading issue, we have held "[w]hen a litigant files a shotgun pleading, is represented by counsel, and fails to request leave to amend, a district court must sua sponte give him one chance to replead before dismissing his case with prejudice on non-merits shotgun pleading grounds." *Vibe Micro*, 878 F.3d at 1296. Here, the district court followed the holding in *Vibe Micro*. When the Original Complaint was stricken, Appellants were given another chance to replead and remedy their shotgun

10

pleading issues, but Appellants filed an equally unclear First Amended Complaint. The district court was not required to give Appellants any additional chances to remedy the pleading violations. *See id.* Therefore, the district court did not abuse its discretion in denying reconsideration on this basis.

### 3. *Rule 8 and Rule 9(b)*

Appellants also contend the district court abused its discretion by applying Rule 8 to the portion of the Amended Complaint asserting fraud-based claims, since Rule 9(b) governs fraud-based claims. While Rule 8 requires a "short and plain statement of the claim," Rule 9(b) requires "the circumstances constituting fraud or mistake shall be stated with particularity." *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1066-67 (11th Cir. 2007) (citing Fed. R. Civ P. 8 and 9(b)).

Although Appellants assert the district court should have evaluated their fraud claims solely under Rule 9(b), the requirement to plead with particularity does not allow them to evade Rule 8's requirements. *See Ashcroft v. Iqbal*, 556 U.S. 662, 686-87 (2009). The district court did not abuse its discretion in denying reconsideration on this basis.[3]

---

[3] We reject Appellants' arguments that certain defendants could not oppose reconsideration on shotgun pleading grounds because they did not file motions to dismiss based on shotgun pleading arguments.

## III.  CONCLUSION

We affirm the district court's dismissal of Appellants' case and denial of Appellants' motion for reconsideration.

**AFFIRMED.**