[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-11212
Non-Argument Calendar

_____

D.C. Docket No. 5:15-cv-00088-TES-CHW

WASEEM DAKER,

Plaintiff-Appellant,

versus

COMMISSIONER HOMER BRYSON,
TIMOTHY WARD,
Assistant Commissioner,
RICK JACOBS,
Facilities Director,
STEVE UPTON,
Deputy Facilities Director,
ROBERT E. JONES,
General Counsel, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(May 25, 2021)

Before WILLIAM PRYOR, Chief Judge, LAGOA and BRASHER, Circuit Judges.

PER CURIAM:

Waseem Daker, a state prisoner, appeals *pro se* the *sua sponte* dismissal without prejudice of his amended complaint against prison officials. On the recommendation of a magistrate judge, the district court dismissed Daker's complaint as malicious because it was duplicative of earlier pleadings, 28 U.S.C. § 1915(e), and in the alternative, as a shotgun pleading, *see* Fed. R. Civ. P. 8(a)(2). Daker challenges the dismissal of his amended complaint. We affirm.

Daker argues that the district court erred by dismissing his amended complaint as malicious and duplicative, but we need not address that issue because we can affirm on the alternative ground that his complaint was an impermissible shotgun pleading. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014). Daker's amended complaint consisted of a "statement of facts" that he incorporated by reference into his claims that "the defendants" violated his right to practice his religion under the First Amendment and the Religious Land Use and Institutionalized Persons Act, interfered with his right to obtain personal and legal materials and to access the courts under the First and Fourteenth Amendments, maltreated him in violation of the Eighth Amendment, and interfered with his right to due process in violation of the Fourteenth Amendment. The magistrate judge classified Daker's complaint as a shotgun pleading because it

2

was impossible to identify which of the more than two dozen prison officials named as defendants were allegedly responsible for which act and what facts pertained to each claim for relief. *See* Fed. R. Civ. P. 8(a)(2); *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321–23 (11th Cir. 2015) (describing a shotgun pleading). Daker did not object to the classification and instead argued that he lacked resources to identify and correct the deficiencies in his pleading. As the district court highlighted in its order adopting the magistrate judge's report, Daker "waive[d] the right to challenge on appeal" the dismissal of his amended complaint as a shotgun pleading. *See* 11th Cir. R. 3-1.

Daker argues that he should have been allowed to amend his complaint again or to "revert back" to his original complaint, but the district court did not abuse its discretion by denying those requests. Daker's amended complaint "superseded" his original complaint, which meant that his "original pleadings were abandoned by the amendment" and became "a legal nullity." *See Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016). We find no error in disallowing further amendments, even though the dismissal of Daker's amended complaint operated as a dismissal with prejudice. *See Justice v. United States*, 6 F.3d 1474, 1482 & n.15 (11th Cir. 1993). "[A] dismissal with prejudice, whether on motion or *sua sponte*, is an extreme sanction that may be properly imposed . . . when . . . a party engages in a clear pattern of delay or willful contempt (contumacious

3

conduct) . . . ." *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337–38 (11th Cir. 2005). Daker does not dispute that his amended complaint was duplicative of multiple lawsuits containing the same claims against the same defendants. *See Daker v. Bryson*, 841 F. App'x 115, 117–21 (11th Cir. 2020) (recounting Daker's prior actions). And Daker waived any challenge to the magistrate judge's finding that his continued litigiousness evidenced his bad faith. *See* 11th Cir. R. 3-1.

We **AFFIRM** the dismissal of Daker's complaint.

4