**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-12852

Non-Argument Calendar

_____

WASEEM DAKER,

*Petitioner-Appellant,*

*versus*

HAYS SP WARDEN,

*Respondent-Appellee.*

_____

Appeal from the United States District Court
for the Southern District of Georgia
D.C. Docket No. 6:22-cv-00071-JRH-BWC

_____

_____

No. 24-10328

Non-Argument Calendar

_____

WASEEM DAKER,

*Petitioner-Appellant,*

*versus*

HAYS SP WARDEN,

*Respondent-Appellee.*

_____

Appeal from the United States District Court
for the Southern District of Georgia
D.C. Docket No. 6:22-cv-00071-JRH-BWC

_____

Before LUCK, LAGOA, and KIDD, Circuit Judges.

PER CURIAM:

Waseem Daker, a Georgia prisoner proceeding pro se, appeals the district court's sua sponte dismissal of his habeas corpus petition and denial of his motion for reconsideration. After careful review, we affirm.

## I. BACKGROUND

In September 2022, Daker filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 in the United States District Court for the Southern District of Georgia. Daker alleged that Brian Adams, the Warden of Smith State Prison, where Daker was incarcerated, violated his due process rights and the First and Eighth Amendments by placing him in segregated confinement. Daker did not provide a list showing his prior litigation history, nor did he attach a copy of the filing injunction issued by the United States District Court for the Northern District of Georgia.

For context, on August 4, 2020, the Northern District of Georgia entered a permanent filing injunction against Daker after finding that Daker's "extensive, abusive[,] and vexatious litigation history" had improperly burdened the court. *Daker v. Deal*, No. 1:18-cv-05243, ECF 57 (N.D. Ga. Aug. 4, 2020). The filing injunction required Daker to include "with every lawsuit he files in this or any other federal court (1) a copy of this order, and (2) a list of every lawsuit, habeas corpus petition, and appeal that he has filed in any federal court along with the final disposition of each lawsuit, petition[,] or appeal." *Id.* The filing injunction warned that "any complaint that Daker submits in this Court" that did not comply with the injunction's requirements would "be summarily dismissed." *Id.* Daker appealed the filing injunction, and this Court affirmed, noting that Daker was "a serial litigant who has clogged the federal courts with frivolous litigation by submitting over a thousand pro se filings in over a hundred actions and appeals in at least nine different federal courts." *Daker v. Governor of Ga.*, No. 20-13602, 2022 WL 1102015, at *1 (11th Cir. Apr. 13, 2022) (citation modified).

As for the proceedings surrounding Daker's present habeas petition, a magistrate judge issued a report and recommendation in June 2023. The magistrate judge recommended that the district court summarily dismiss Daker's petition because he failed to comply with the filing injunction issued by the Northern District of Georgia. Specifically, Daker failed to attach to his habeas petition a list of his litigation history and a copy of the filing injunction. Daker filed his objections to the report and recommendation. The district

court overruled Daker's objections and issued an order adopting the report and recommendation and dismissing the habeas petition.

In the order adopting the report and recommendation, the district court found Daker's reasons for his noncompliance with the filing injunction "unconvincing and wholly without merit." The district court found Daker's efforts to comply to be insufficient and explained that Daker could have at least notified the district court of the filing injunction's existence, especially considering his extensive litigation experience. The district court found Daker's suggestion that the filing injunction applied only in the Northern District of Georgia to be frivolous. Consequently, the district court dismissed Daker's habeas petition but did not specify whether the dismissal was with or without prejudice.

Daker moved for reconsideration on the grounds of "manifest injustice." However, the district court found that none of Daker's arguments set forth newly discovered evidence or a manifest error of law or fact and thus did not merit reconsideration of its order dismissing Daker's habeas petition. This appeal followed.

## II. STANDARD OF REVIEW

We review a district court's decision to dismiss a case for failure to comply with court rules for an abuse of discretion. *Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005). "Discretion means the district court has a 'range of choice[] and that its decision will not be disturbed as long as it stays within that

range and is not influenced by any mistake of law.'" *Id.* (citation omitted).

## III. DISCUSSION

On appeal, Daker argues the district court abused its discretion by dismissing his habeas petition with prejudice due to his noncompliance with the filing injunction. First, Daker contends that he was unable to comply with the filing injunction for various reasons. Second, Daker maintains he was unaware that his noncompliance with the filing injunction, issued by the Northern District of Georgia, would result in summary dismissal of his filing in the Southern District of Georgia. Third, Daker argues the district court did not make the requisite findings for a dismissal with prejudice. Daker also appeals the district court's denial of his motion for reconsideration, but he fails to present any argument on this issue in his brief.

A district court may dismiss an action sua sponte under (1) Federal Rule of Civil Procedure 41(b) or (2) its inherent authority to manage its docket. *Betty K Agencies, Ltd.*, 432 F.3d at 1337. When a district court dismisses an action due to a party's failure to comply with a court order, we will excuse the noncompliance only if the party shows it made every reasonable effort to comply. *See PlayNation Play Sys., Inc. v. Velex Corp.*, 939 F.3d 1205, 1213–14 (11th Cir. 2019) (upholding a civil contempt order because the defendant did not take every available reasonable step to comply with an injunction).

A district court may dismiss an action with prejudice when (1) a party engages in a clear pattern of contumacious conduct and

(2) the district court finds that less severe sanctions would not sufficiently penalize the party's conduct. *See Betty K Agencies, Ltd.*, 432 F.3d at 1337–38. A district court's finding that less severe sanctions would not sufficiently penalize the party's conduct may be made explicitly or implicitly. *Zocaras v. Castro*, 465 F.3d 479, 484 (11th Cir. 2006).

Here, the district court did not abuse its discretion by dismissing Daker's habeas petition due to his failure to comply with the filing injunction. And we will not excuse Daker's failure to comply because he did not demonstrate that he made every reasonable effort to comply. *See* Fed. R. Civ. P. 41(b); *see also PlayNation Play Sys., Inc.*, 939 F.3d at 1213–14. Daker maintains he was unable to comply because he did not have access to copies of his legal documents, a photocopier, or a PACER account. But at a minimum, Daker could have referenced the filing injunction in place at the time he filed his habeas petition. Moreover, contrary to Daker's assertion, the filing injunction clearly stated that it applied outside of the Northern District of Georgia.

Regarding Daker's contention that a dismissal with prejudice was improper, we note that the district court did not specify whether its dismissal was with or without prejudice. We will assume that the dismissal was *with* prejudice, as Daker posits. We find that the district court appropriately dismissed Daker's petition because he engaged in contumacious conduct, and the district court implicitly found that no less severe sanction would sufficiently penalize his conduct. *See Betty K Agencies, Ltd.*, 432 F.3d at

1337–38; *see also Zocaras*, 465 F.3d at 484; *see Daker v. Comm'r, Ga. Dep't of Corrs.*, No. 22-12369, 2024 WL 1794368, at *2 (11th Cir. Apr. 25, 2024) (finding a dismissal with prejudice warranted as to Daker's noncompliance with the same filing injunction when the district court did not specify whether its dismissal was with or without prejudice).

Finally, we need not address whether the district court properly denied Daker's motion for reconsideration, as Daker abandoned any challenge to this order by failing to raise it in his brief. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (noting that issues not briefed by a pro se litigant are abandoned).

## IV. CONCLUSION

We **AFFIRM** the district court's dismissal of Daker's habeas petition.